**G. C. MURPHY COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**Retail Store Employees Union, Local 400, AFL-CIO, Intervenor.**

**No. 76–1470.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1976.

Decided March 10, 1977.

veillance, (2) threatening to close its Rockville, Maryland store if the union won the election, and (3) cancelling previously prepared wage increase requisitions and refusing to proceed with its annual employee wage review procedure because of the union's organizational campaign.

We have examined the record and find substantial evidentiary basis to support the NLRB's decision in those three respects.

In this case, the union sent a letter to the company assuring it that no charges would be filed by the union if the company wished to grant employee wage increases during the pendency of the union's organization effort. For this reason, the employer had no ground to fear that granting wage increases at that time would provoke an unfair labor practice charge.

The decision of the Board is accordingly ENFORCED.

Edward E. McGinley, Jr., and David W. Greenfield, McKeesport, Pa., for petitioner.

Edmund D. Cooke, Jr., Atty., N.L.R.B., Washington, D.C., (John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel and Michael S. Winer, Atty., N.L.R.B., Washington, D.C., on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

PER CURIAM:

The issue in this case is whether substantial evidence on the record as a whole supports the Board's finding that the G. C. Murphy Company violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* The company was charged with (1) creating the impression that an employee's union activities were under sur-